UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 09-80979-CIV-MARRA/JOHNSON

VICTORIA SELECT INSURANCE COMPANY,

    Plaintiff,

v.

VRCHOTA CORPORATION, JOHN J. GIACOBBA, JR.,
and MONICA KELLY AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF MICHAEL KELLY,

    Defendants.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Defendant Monica Kelly, as Personal Representative of the Estate of Michael Kelly's Motion to Dismiss (DE 4), filed August 28, 2009.  Plaintiff Victoria Select Insurance Company ("Plaintiff" or "Victoria Select") filed an opposition to the motion (DE 10).  No reply was filed and the deadline to reply has passed. The Court has carefully reviewed the motion and response, and is otherwise fully advised in the premises.

**Background**

By way of a brief procedural history, Plaintiff, Victoria Select Insurance Company, has filed a claim for declaratory relief seeking a declaration of the parties' rights and obligations regarding the extent of coverage under a business automobile policy issued by Plaintiff to Defendant Vrchota Corporation.  Specifically, Plaintiff seeks a declaration that it has no obligation under the policy to provide a defense to Vrchota in a pending state court action for

wrongful death, Kelly ex rel. Estate of Kelly v. Vrchota Corp., No. 502009CA02483XXXXMB (Fla. 15th Cir. Ct.), based on a January 15, 2008 motor vehicle accident.  According to Defendant Monica Kelly's motion to dismiss, "every party in the state action is named as Defendant in this case." (Mot. at 1).  By implication, Plaintiff in this case, Victoria Select, is not named as a party in the state court action.  Certainly, Defendant's motion to dismiss does not state that Victoria Select is a party in the state action.

The pending state court action seeks to recover damages for the estate of decedent, Michael Kelly, who died in a vehicle accident while operating a tow truck at the request of Vrchota Corporation and John J. Giacobba, Jr.  See Comp. Exh. B.  The state court complaint alleges negligence causes of action against both Vrchota and Giacobba.  See id.  There is no indication in the federal Complaint for Declaratory Relief, nor in the description of the state court action, which Defendant Kelly describes as "a pending state court action for wrongful death," that the issue of Victoria Select's duty to defend or provide coverage is being litigated in state court.  Nor could it be, as Victoria Select does not appear to be a party to the state court proceedings.

**Discussion**

Defendant Monica Kelly argues that under the Brillhart doctrine the Court should dismiss Plaintiff's declaratory judgment suit.[1]  See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, (1942); see also Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).  The

---

[1] Plaintiff argues in its opposition that Brillhart is inapplicable in this case because it seeks attorney's fees and costs in addition to a declaratory judgment.  Plaintiff claims that the Court should instead analyze whether it should exercise jurisdiction over this action under the test set forth in Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976).

Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (citations omitted). It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. Brillhart, 316 U.S. at 494; Ameritas, 411 F.3d at 1330.

"Brillhart is used to avoid uneconomical as well as vexatious actions where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Northern Ins. Co. of N.Y. v. David Nelson Const. Co., 41 F.Supp.2d 1332, 1339 (M.D. Fla. 1999). See, e.g., Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 390-91 (5th Cir. 2003) ("if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit"); Canal Ins. Co. v. Morgan, 2007 WL 174387 (S.D. Ala. 2007) (dismissing federal declaratory action in favor of pending parallel state court action where "identical insurance coverage issues relating to the Policy are being litigated in both the Clarke County action and the instant declaratory judgment action"); (Progressive Specialty Ins. Co. v. Bailey, 2006 WL 2091749, *4 (S.D. Ala. 2006) (dismissing federal declaratory action in favor of pending parallel state court action regarding insurance coverage where "[i]dentical claims for declaratory relief are now before the state court and this Court.").

"While this Court uses a variety of factors to analyze motions made under Brillhart, the fact that the parties and issues are not the same in the state case and the federal case precludes a dismissal under Brillhart." St. Paul Fire and Marine Ins. Co. v. Sea Quest Intern., Inc., 2006 WL 889994, *2 (M.D. Fla. 2006). See Northern Ins., 41 F.Supp.2d at 1340 (reaching the same

conclusion where, as here, the insurer was not a named party in the state suit and the state suit dealt with liability while the federal suit focused on coverage).  Here, the Court finds that <u>Brillhart</u> does not apply to the facts at hand because Victoria Select is not a named party in the state court proceedings and the state court proceedings concern the alleged negligence of Vrchota and Giacobba, not Victoria Select's duty to defend or provide coverage.  Accordingly, Kelly's motion to dismiss is denied.

**Conclusion**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant Monica Kelly, as Personal Representative of the Estate of Michael Kelly's Motion to Dismiss (DE 4) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of December, 2009.

Copies furnished to:
all counsel of record

KENNETH A. MARRA
United States District Judge